J. S08025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUINCY KENYATTA BERRY, | : | |
| | : | |
| Appellant | : | No. 1042 WDA 2015 |

Appeal from the PCRA Order May 27, 2015
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0001251-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 17, 2016**

Appellant seeks review of the order that the Erie County Court of Common Pleas entered denying, without a hearing, Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 1997, Appellant was convicted of attempted rape. After completing his sentence, Appellant was required to register pursuant to a prior version of the Sexual Offender Registration and Notification Act ("SORNA") and then under SORNA itself.[2]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

Appellant did not register as required and was charged with failing to comply with registration requirements pursuant to 18 Pa.C.S. § 4915.1(a)(2). On October 6, 2014, Appellant pled guilty.

Before accepting the guilty plea, the trial court fully and properly colloquied Appellant about the rights he was relinquishing by pleading guilty. The trial court concluded that Appellant was entering his plea knowingly and voluntarily. *Id*. at 15. The court then sentenced Appellant to a term of twelve to twenty-four months' incarceration, with credit for time served.

Appellant filed a timely *pro se* PCRA Petition alleging that his due process rights had been violated because the court erred in permitting him to plead guilty to violating the SORNA registration requirements.

The court appointed William J. Hathaway, Esq. as counsel who, on April 29, 2015, filed a "no merit" letter and a Petition for Leave to Withdraw as Counsel pursuant to **Turner/Finley**.[3] On May 8, 2015, the PCRA court filed an opinion and notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907(1) as well as an Opinion in support of the dismissal. In its Opinion, the trial court properly concluded that Appellant's "claim appears to relate to the imposition of the reporting mandate pursuant to a preceding case in Philadelphia County and thus no legal or factual basis exists for the relief sought by Petition in his PCRA petition before this Court."

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super. 1988).

On May 11, 2015, the PCRA court granted counsel's Petition to Withdraw and on May 28, 2015, denied Appellant's PCRA Petition. Appellant timely appealed *pro se*.

The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement but on July 16, 2015, the PCRA court filed a Memorandum Opinion, stating that it "relies on the reasons set forth in its Opinion and Notice of Intent to Dismiss PCRA Without Hearing Pursuant to Pa.R.Crim.P. 907(1) dated May 8, 2015 and its Final Order dated May 27, 2015, with regard to the appeal in this matter."

Appellant presented the following Statement of Questions Involved:

a.  Did the lower court err in denying my P.C.R.A. petition?

b. Did the lower court err in allowing I (the defendant) to accept a plea of guilty under a statu[t]e that was unconstitutional?

c. Did the lower court err in not vacating I (the defendant) sentence?

Appellant's Brief at 3.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. **See Pa.R.A.P. 2101**. "This Court may ... dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa.Super. 2010) (citation omitted). This Court is willing to construe *pro se* materials liberally, but "*pro se* status confers no special benefit on an appellant." *Id.* at 1211–1212. Where an appellate brief fails to provide any

discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009). *See also* **Pa.R.A.P. 2119(a)** (each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent").

In the case *sub judice*, Appellant's argument section of his brief consists of the following three single-spaced sentences set out as paragraphs:

    I.    The court erred in violating my 14th Amendment (Due Process), because the Judge, D.A., and my lawyer knowingly had I (the defendant) to accept a plea of guilty under a fraudulent statute (Act 152 Failure to Register §4915, Article 3 §§3, which I (the defendant) unknowingly, involuntarily, and unintelligently that such a plea was under an unauthorized statute. (**Com. v. Neiman** (Pa. 2013); (**Strickland v. Washington**); **Marshall v. Lonberger** (1983); (**Henderson v. Morgan** (1976).

    II.    The court erred in violating my 6th Amendment (Right to have assistance of counsel), because my lawyer (Mr. Porsch) knowingly had I (the defendant) accept a plea of guilt under a fraudulent statue (Act 152 Failure to Register § 4915.1, Article 3 §§ 3, while I (the defendant) was unknowingly, involuntarily, and unintelligently that such a plea was unauthorized statute (**Com. v. Neiman** (Pa. 2013); (**Strickland v. Washington**); **Marshall v. Lonberger** (1983); (**Henderson v. Morgan** (1976).

    III.    The court erred in violating my 13th Amendment (Right to be duly convicted), because I (the defendant) was never convicted under a Megans Law offense, and not alone under an unauthorized statue (**Com. v. Neiman** (Pa. 2013).

Appellant's Brief at 7.

Appellant's brief is woefully inadequate. His "argument" consists of bald assertions, no citations to the record, and absolutely no analysis or discussion of how the cited case law is relevant to the issues raised. *See* Pa.R.A.P. 2119 (setting forth requirements for the argument section of an appellate brief). Moreover, as the trial court correctly noted, Appellant is attempting to challenge a 1997 order in which the court imposed Megan's Law reporting requirements. The time is long past for such a challenge. *See* **Pa.R.A.P. 903(a)** (providing that a notice of appeal must be filed within thirty days after the date of entry of the order); **42 Pa.C.S. § 9544(b)** (providing that, for purposes of PCRA eligibility, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding).

Furthermore, Appellant sets forth no argument relevant to his state and federal constitutional claims other than to assert his rights were violated. "A constitutional claim is not self-proving and we will not attempt to divine an argument on Appellant's behalf." *Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011).

Because Appellant has failed to comply with our rules of appellate procedure, we are unable to provide meaningful review. Appellant's issues are waived.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016